UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Andrew Hall,
	Plaintiff

	v.                                Case No. 16-cv-418-SM
                                      Opinion No. 2018 DNH 211
Lorettann Gascard and
Nikolas Gascard,
	Defendants


**O R D E R**

Defendants, Lorettann Gascard and Nikolas Gascard, move the court to reconsider its earlier order denying their motion for summary judgment on plaintiff's claims of fraud, conspiracy to defraud, and unjust enrichment.  Plaintiff objects.

Before turning to the defendants' motion, it is probably appropriate to review the substance of the court's prior orders.

> First, by order dated June 12, 2017 (document no. 19), the court denied defendants' motion to dismiss plaintiff's unjust enrichment claim, concluding that their motion was premature.  Id. at 18.  The court acknowledged that, typically, a plaintiff cannot recover on a theory of unjust enrichment when there is a valid, express contract governing the subject matter of the parties' dispute.  However, the court noted that absent some development of the factual record, it could not rule that, as a matter of law, plaintiff's claim was barred.  Id. (noting that "unjust enrichment may be available to contracting parties where the contract was breached, rescinded, or otherwise made

> invalid, or where the benefit received was outside the scope of the contract"). Accordingly, at that early stage of the litigation, the court allowed plaintiff to proceed on his claims of breach of contract and unjust enrichment, which he had pled in the alternative.
>
> Then, by order dated July 27, 2018 (document no. 55), the court denied defendants' motion for summary judgment on plaintiff's unjust enrichment claim, holding only that such a claim - to the extent it is available to plaintiff - is not barred by the applicable statute of limitations. Expiration of the applicable limitations period was the sole ground advanced by plaintiffs in that motion.

Now, defendants move the court to "reconsider" that order denying summary judgment. Importantly, however, they advance a legal argument that they did not assert in their earlier motion for summary judgment: that plaintiff cannot pursue an unjust enrichment claim because the record demonstrates (as it did not at the motion to dismiss stage) that the grounds on which plaintiff is suing are fully encompassed by the parties' various contracts for sale. A motion to reconsider is of course not the appropriate means by which to advance a new legal argument that a party wished it had asserted earlier. See, e.g., Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); Perfetto v. New Hampshire State Prison, Warden, No. CIV. 06-CV-307-JL, 2008 WL 2005550, at *1 (D.N.H. May 8, 2008).

While their legal argument might well have merit, and may even be conceded, it cannot be presented for the first time in a motion to reconsider a separate and unrelated order. Should defendants wish the court to address the issue, they are free to file a properly supported motion for partial summary judgment. Otherwise, given the approaching trial date, the court will address the issue of plaintiff's unjust enrichment claim at or before trial as is convenient.

The remaining issues raised in defendants' motion for reconsideration (addressing plaintiff's duty to investigate, application of the "discovery rule," and viability of plaintiff's conspiracy claim) are without merit.

## Conclusion

Defendants' motion for reconsideration (document no. 56) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 30, 2018

cc: Lawrence B. Gormley, Esq.
Ted Poretz, Esq.
Jeffrey Christensen, Esq.
William B. Pribis, Esq.

3